UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
FIDEL MONTALVO CANDIA, et al.,       :
:
　　　　　　　　　　Plaintiffs,       :
:                    19-cv-8181 (VSB)
　　　　　-v-                         :
:                    ORDER
:
:
658-660 AMSTERDAM CORP., et al.,     :
:
　　　　　　　　　　Defendants.       :
:
-----------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

　　　　The parties have advised me that they have reached a settlement agreement in this Fair Labor Standards Act ("FLSA") case. (Doc. 98.) Parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015). Because I find that the letter describing the settlement agreement is inconsistent with the settlement agreement itself, the parties' request that I approve their settlement agreement is DENIED without prejudice to renewal.

　　**I.　　Legal Standard**

　　　　To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the

product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted). "In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.* The Second Circuit has described a presumptively reasonable fee as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (internal quotation marks omitted). A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 948 F.3d at 602 (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)). An award of costs "normally include[s] those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987) (internal quotation marks omitted).

"When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Fisher*, 948 F.3d at 597.

**II.     Discussion**

Pursuant to Magistrate Judge James L. Cott's Order of January 24, 2022, (Doc. 93), the parties have submitted a letter detailing why they believe the settlement reached in this action, and the contemplated attorneys' fees, is fair and reasonable.[1] I have independently reviewed the settlement agreement and the supporting evidence in order to determine whether the terms of the

---

[1] On March 4, 2022, Judge Cott directed the parties to either consent to proceed before a magistrate judge, or direct their letter to me. (Doc. 97.) The parties elected to address their letter to me. (Doc. 98.)

settlement agreement are fair, reasonable, and adequate. I find that I cannot make any determination on the current record because there are discrepancies between the parties' letter in support of their settlement agreement and the settlement agreement itself.

Namely, the letter supporting the settlement agreement says, "Under the Agreement, Defendants will pay $15,500.00 to settle all claims." (Doc. 98, at 1.) However, the settlement agreement itself says, "Defendants shall pay or cause to be paid to Plaintiff's counsel, subject to the terms and conditions of this Agreement, the total sum of Twelve Thousand Dollars and Zero Cents ($12,000.00) (the 'Settlement Amount')." (Doc. 98-1 ¶ 1.) The letter also specifies that "[t]he installment shall consist of one check." (Doc. 98, at 1.) But the settlement agreement itself provides for twelve installments. (*See* Doc. 98-1 ¶ 1(a)–(j).)

The settlement agreement also provides that "[t]he parties consent to the personal jurisdiction of the United States District Court for the Eastern District of New York" and the parties "jointly request that the United States District Court for the Eastern District of New York . . . exercise jurisdiction, in any subsequent proceeding to enforce this agreement." (*Id.* ¶ 8.) The letter is, of course, addressed to me, in the United States District Court for the Southern District of New York. (Doc. 98, at 1.) If the parties envision that I would exercise jurisdiction to enforce the agreement after I approve it, I would be unable to do so under the language of the current settlement.

I may only "enter a stipulated judgment" in a FLSA case "after scrutinizing the settlement for fairness." *Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d 643, 644 (S.D.N.Y. 2011) (internal quotation marks omitted). I am unable to scrutinize the settlement for fairness where the settlement is contradicted by the parties' letter detailing why they believe the settlement is fair and reasonable.

3

### III.    Conclusion

For the reasons stated above, I am unable to determine whether the settlement agreement is fair and reasonable. Accordingly, the parties' request that I approve the proposed settlement agreement is DENIED without prejudice. The parties may proceed by either:

1. Filing a revised proposed settlement agreement and joint letter motion explaining why the proposed settlement is fair and reasonable within twenty-one (21) days of the date of this Order that cures the deficiencies discussed above and any other terms that are not appropriate under the FLSA; or

2. Filing a joint letter within twenty-one (21) days of the date of this Order that indicates the parties' intention to abandon settlement, at which point I will set a date for a status conference.

SO ORDERED.

Dated:    March 9, 2022
          New York, New York

_____
Vernon S. Broderick
United States District Judge