UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
　　　　　　　　　　　　　　　　　　　　　　:
FIDEL MONTALVO CANDIA, et al.,　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　Plaintiffs,　　　 :
　　　　　　　　　　　　　　　　　　　　　　:　　19-cv-8181 (VSB)
　　　　　　　　-v-　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:　　ORDER
　　　　　　　　　　　　　　　　　　　　　　:
658-660 AMSTERDAM CORP., et al.,　　　　　　 :
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　Defendants.　　　 :
　　　　　　　　　　　　　　　　　　　　　　:
------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

　　　　The parties have advised me that they have reached a settlement agreement in this Fair Labor Standards Act ("FLSA") case. (Doc. 104.) Parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015). Because I find that the terms of the settlement agreement, including the attorneys' fees sought, are reasonable, the parties' request that I approve their settlement agreement is GRANTED.

　　**I.　　Legal Standard**

　　　　To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the

product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted). "In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.* The Second Circuit has described a presumptively reasonable fee as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (internal quotation marks omitted). A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 948 F.3d at 602 (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)). An award of costs "normally include[s] those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987) (internal quotation marks omitted).

"When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Fisher*, 948 F.3d at 597.

**II.    Discussion**

Pursuant to Magistrate Judge James L. Cott's Order of January 24, 2022, (Doc. 93), the parties submitted a letter detailing why they believe the settlement reached in this action, and the contemplated attorneys' fees, are fair and reasonable.[1] On March 9, 2022, I found that I could not make any determination as to the fairness of the settlement agreement because there were

---

[1] On March 4, 2022, Judge Cott directed the parties to either consent to proceed before a magistrate judge, or direct their letter to me. (Doc. 97.) The parties elected to address their letter to me. (Doc. 98.)

2

"discrepancies between the parties' letter in support of their settlement agreement and the settlement agreement itself." (Doc. 99, at 3.) Accordingly, I directed the parties to either file "a revised proposed settlement agreement and joint letter motion explaining why the proposed settlement is fair and reasonable" or "a joint letter . . . that indicates the parties' intention to abandon settlement." (*Id.* at 4.) On April 4, 2022, the parties filed a revised proposed settlement agreement and joint letter in support. (Doc. 104.) I have independently reviewed the settlement agreement and the supporting evidence in order to determine whether the terms of the settlement agreement are fair, reasonable, and adequate. I believe that they are, and therefore approve the settlement agreement of the parties.

### A.  Settlement Amount

I first consider the settlement amount. The agreement provides for the distribution to Plaintiffs of $12,000, inclusive of attorney's fees and expenses. (*See* Doc. 104, at 1; *see also* Doc. 104-1, at ¶ 1.)[2] Counsel represents that Plaintiffs believe they are entitled to $10,844.78 in back wages and $35,076.56 in total damages. (Doc. 104, at 1; *see also* Doc. 104-2 (damages chart).) Although the settlement amount is therefore less than Plaintiffs' total expected recovery, it represents more than 100% of Plaintiffs' back wages. The parties represent that "Defendants vigorously contested all of Plaintiffs' substantive allegations," including "the number of hours allegedly worked by Plaintiffs." (Doc. 104, at 2.) The parties engaged in arm's length negotiation at a settlement conference before Judge Cott. (*See* Doc. 93.) Finally, there is no basis for me to

---

[2] The parties' April 4, 2022 submission addresses the previous discrepancy in the settlement amount, (*see* Doc. 99, at 3), and there is no longer any issue that creates an impediment to my approving the settlement agreement. However, a discrepancy remains between the parties' letter in support of their settlement agreement and the settlement agreement itself. While the joint letter says that the "settlement amount will be paid in one installment," (Doc. 104, at 1), the settlement agreement itself clearly provides for 12 installments of $1,000 each, (Doc. 104-1, at ¶ 1(a)–(l)). This is frustrating because I advised the parties of this discrepancy in my March 9, 2022 Opinion & Order. (*See* Doc. 99, at 3.) The text of the settlement agreement itself governs. Regardless, even if the parties intended payment to be made in one installment, I would find the settlement amount fair and reasonable, since Plaintiffs would benefit from receiving their money sooner.

believe that there was any fraud or collusion involved in the settlement. Therefore, based on the representations of the parties and my own analysis of the totality of the circumstances present here, I find that the settlement agreement appears to be a fair and reasonable resolution of this dispute.

### B.   Release Provision

I next consider the other provisions in the proposed settlement agreement, paying close attention to the release provision. "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (*quoting Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). The proposed settlement agreement requires that Plaintiffs release Defendants from claims "with respect to any and all wage and hour allegations and/or claims which putatively arose during the time frame that was the subject of the Litigation. . . ." (Doc. 104-1, at ¶ 2.) I find that this release is appropriately tailored to the claims at issue in this action.

### C.   Attorneys' Fees

I finally consider the attorneys' fees contemplated in the settlement agreement. Plaintiffs' counsel claims to have accrued $13,557.50 in attorneys' fees and $620 in costs, (Doc. 104-3, at 9), but seeks only $4,413.00 in total, representing one-third of the settlement amount, plus fees for filing and service of process, (Doc. 104, at 2). As an initial matter, courts regularly approve attorneys' fees of one-third of the settlement amount in FLSA cases. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105 (RA), 2018 WL 2371737, at *3 (S.D.N.Y. May 24, 2018) ("When using a 'percentage of the fund' approach, 'courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.'" (quoting *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)). While this case is still at an early

stage, it is clear that Plaintiffs' counsel has expended time on at least the following: initial fact-gathering; drafting and filing the complaint; evaluating Plaintiffs' damages; and preparing for mediation. (*See* Doc. 104-3.) Moreover, because courts in this District typically approve hourly rates of approximately $175 to $450 for attorneys working on FLSA litigation, the requested amount represents more than appropriate compensation for the hours put into this case. *See, e.g.*, *Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund v. Richie Jordan Constr. Inc.*, No. 15-CV-3811, 2015 WL 7288654, at *5 (S.D.N.Y. Nov. 17, 2015) (awarding fees to plaintiff's counsel of $175/hour of junior associate time); *Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 507–08 (S.D.N.Y. 2012) (awarding fees to Plaintiffs' counsel's firm at rates of $175/hour for associate work and $350/hour for partner work); *Ochoa v. Prince Deli Grocery Corp.*, No. 18 CIV. 9417 (ER), 2021 WL 5235222, at *2 (S.D.N.Y. Nov. 8, 2021) (calling $450/hour the "prevailing maximum rate in the Southern District"). Indeed, Plaintiffs' counsel claims that the lodestar is $13,557.50, (*see* Doc. 104, at 2), which means the requested $4,413 award is only a fraction of the lodestar. Based on this analysis, I find the attorneys' fees contemplated in the settlement agreement to be fair and reasonable.

The settlement agreement of the parties is hereby APPROVED.

SO ORDERED.

Dated:    April 11, 2022
         New York, New York

_____
Vernon S. Broderick
United States District Judge